724 N.W.2d 297 (2006)
Diane CONMY and Michael B. Reith, Personal Representatives of the Estate of Erica Reith, Plaintiffs-Appellees,
v.
DEPARTMENT OF TRANSPORTATION, Defendant-Appellant.
Docket No. 266943.
Court of Appeals of Michigan.
Submitted May 30, 2006, at Detroit.
Decided June 22, 2006.
Approved for Publication August 24, 2006, at 9:00 a.m.
Released for Publication November 22, 2006.
James H. Koning, P.C. (by James H. Koning and Jonathan N. Jilek), Kalamazoo, for the plaintiffs.
Michael A. Cox, Attorney General, Thomas L. Casey, Solicitor General, and LuAnn Cheyne Frost, Assistant Attorney General, for the defendant.
Before: KELLY, P.J., and MARKEY and METER, JJ.
PER CURIAM.
Defendant appeals as of right from the order of the Court of Claims denying its motion for summary disposition based on governmental immunity. We reverse and remand this matter for entry of an order granting summary disposition in favor of defendant. This appeal is being decided *298 without oral argument pursuant to MCR 7.214(E).
Plaintiffs' decedent was struck and killed by an oncoming train at an intersection with an inoperative railway crossing safety signal. Plaintiffs sued defendant, claiming that after defendant had determined that a signal at the intersection was necessary, defendant failed to issue an actual order directing installation of the signal. Nevertheless, the signal had been installed. However, when the signal stopped operating, Amtrak did not repair the signal. Plaintiffs allege that, because defendant did not issue an actual order to install the signal, Amtrak did not have a duty to maintain and repair the signal and could not be held liable for decedent's injury under MCL 257.668(2).
Defendant moved to dismiss plaintiffs' claim, arguing that it was entitled to governmental immunity under MCR 2.116(C)(7) and that plaintiffs, therefore, failed to state a claim upon which relief could granted under MCR 2.116(C)(8). The Court of Claims denied defendant's motion, ruling that it was "premature."
Before determining whether the court erred in denying summary disposition, we must first address plaintiffs' contention that this Court lacks jurisdiction over this appeal. Under MCR 7.203(A)(1), this Court "has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court, or court of claims, as defined in MCR 7.202(6)." Under MCR 7.202(6)(a)(v), in a civil case, an "order denying governmental immunity to a governmental party, including a governmental agency, official, or employee" is a final judgment or final order. Although the reasons stated on the record as the basis for the November 16, 2005, order did not address the merits of plaintiffs' claim or defendant's defense, the order facially denied defendant's motion for summary disposition based on governmental immunity under MCR 2.116(C)(7). Therefore, the order is a final order under MCR 7.202(6)(a)(v), and this Court has jurisdiction under MCR 7.203(A)(1).
Turning to the merits of defendant's argument on appeal, we agree with defendant that the trial court erred in denying its motion for summary disposition. We review a trial court's decision on a motion for summary disposition de novo. Auto Club Group Ins. Co. v. Burchell, 249 Mich. App. 468, 479, 642 N.W.2d 406 (2002).
The governmental tort liability act (GTLA), MCL 691.1401 et seq., grants immunity from tort liability to the state, its agencies, and its agents when they are engaged in the exercise of a governmental function, except where the Legislature has expressly granted an exception to liability. MCL 691.1407(1). Accordingly, defendant is immune from plaintiffs' claim asserting tort liability, unless plaintiffs can plead their claim under an exception to governmental immunity. Mack v. Detroit, 467 Mich. 186, 203, 649 N.W.2d 47 (2002). The GTLA provides only five exceptions to governmental immunity: the "highway exception," MCL 691.1402; the "motor vehicle exception," MCL 691.1405; the "public building exception," MCL 691.1406; the "proprietary function exception," MCL 691.1413; and the "governmental hospital exception," MCL 691.1407(4).
Plaintiffs failed to plead their claim under any exception to governmental immunity. The highway exception does not apply because defendant does not have jurisdiction over the intersection, the city of Kalamazoo does. Moreover, the highway exception does not apply to signage. MCL 691.1402(1); Evens v. Shiawassee Co. Rd. Comm'rs, 463 Mich. 143, 183-184, 615 N.W.2d 702 (2000). Similarly, none of *299 the other exceptions apply to defendant's alleged failure to issue an order directing the installation of the railroad crossing safety signal. The trial court should have granted defendant's motion for summary disposition under MCR 2.116(C)(7).
Reversed and remanded for entry of an order granting summary disposition in favor of defendant. We do not retain jurisdiction.